```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRIAN P. HOFFMAN,       : | Hon. Noel L. Hillman |
|                         : |  |
|         Petitioner,     : | Civil No. 14-8042 (NLH) |
|                         : |  |
|      v.                 : |  |
|                         : | <u>OPINION</u> |
| ROBERT BUECHELE,        : |  |
|                         : |  |
|         Respondent.     : |  |

APPEARANCES:

    BRIAN P. HOFFMAN, #576991
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, NJ 08302
        *Petitioner Pro Se*

    COURTNEY M. CITTADINI, Assistant Prosecutor
    ATLANTIC COUNTY PROSECUTOR
    4997 Unami Boulevard
    Mays Landing, NJ 08330
        *Attorney for Respondent*

<u>HILLMAN</u>, District <u>Judge</u>:

    Brian Hoffman filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey, Atlantic County, on May 4, 2007.  Following a jury trial, Petitioner was convicted on six separate counts stemming from a physical attack on his ex-wife, and the resulting judgment imposed an aggregate term of twenty one and a half years in prison with an 85% period of parole ineligibility.  After reviewing the arguments of the

parties and the state court record, this Court will dismiss the Petition with prejudice and deny a certificate of appealability.

## I.  BACKGROUND

A.  <u>The Crimes</u>[1]

> On the day in question, [Mary] was working outside in her front yard when the [Petitioner] abruptly pulled up in his motor vehicle, got out and pursued her with a knife, telling her that he was going to kill her and her children. [Petitioner] stabbed [Mary] several times about the neck and back area, kicked her and when a neighbor responded to the victim's calls for help, was seen to be standing over her banging her head on the concrete as she laid prone. The victim suffered life-threatening injuries and injury to the larynx causing her temporarily [to lose] her ability to speak and to the present day causing her difficulty in swallowing.

<u>State v. Hoffman</u>, 2013 WL 5787564, slip op. at *1 (N.J. Super. Ct. App. Div. Oct. 29, 2013) ECF No. 14-22, at 1412.

B.  <u>The State Court Proceedings</u>

On or about November 10, 2005, an Atlantic County grand jury sitting in the Superior Court of New Jersey, Law Division, returned the Indictment No. 05-11-2403. (ECF No. 14-19). The indictment charged Petitioner Brian Hoffman as follows: first degree attempted murder ("Count One"); second degree aggravated assault ("Count Two"); third degree terroristic threats ("Count

---

[1] The following facts were excerpted from the Appellate Division's decision affirming the denial of Petitioner's post-conviction relief without an evidentiary hearing. (ECF No. 14-22). The Appellate Division excerpted the facts from Petitioner's original sentencing on May 4, 2007. (ECF No. 14-9). The Supreme Court of New Jersey denied certification. (ECF No. 14-24).

2

Three"); fourth degree unlawful possession of a weapon ("Count Four"); third degree possession of a weapon for unlawful purposes ("Count Five"); and fourth degree contempt of a court order ("Count Six"). Id.  The trial court held a two-day pre-trial hearing as to the admissibility of certain character evidence pursuant to N.J.R.E. 404(b). (ECF Nos. 14-3, 14-4). The Honorable Albert J. Garofolo, J.S.C., granted the motion in part to allow prior statements made by Petitioner to a jail psychologist during his incarceration in 1992.[2] (ECF No. 14-4, at 242).  The court denied the State's request to admit evidence of threats made by Petitioner during a 1992 bail hearing for want of clear and convincing evidence that the incident occurred. Id.

Following a four-day trial, the jury returned a verdict of guilty on all six counts of the indictment. (Transcript of Trial at 107-122, State v. Hoffman, Indictment No. 95-11-2403 (N.J. Super. Ct. Law Div. Mar. 19, 2007) ECF No. 14-8, at 493-99).  On May 4, 2007, Judge Garofolo sentenced Petitioner to twenty years imprisonment on Count One, subject to the No Early Release Act. (ECF No. 14-9, at 510-11).  Counts One and Two were merged by the court. Id.  Petitioner received two concurrent terms of five

---

[2] Judge Garofolo directed that the testimony to be sanitized as to the place and circumstances of the statements made.  In order to avoid prejudice to Petitioner, Judge Garofolo did not want the jury to know Petitioner had previously been in jail for charges related to the same victim. (ECF No. 14-4, at 228).

years each as to Counts Three and Five. Id.  A term of eighteen months imprisonment was imposed as to Count Four, to run concurrent to Count 1. Id.  Finally, the court sentenced Petitioner to a term of eighteen months with a nine-month parole disqualifier on Count 6, to run consecutively to the sentence administered as to Count One. Id.  Thus, Petitioner was sentenced to an aggregate term of twenty one and a half years in prison, with an 85% term of parole ineligibility.

Petitioner filed an appeal from this conviction with the Appellate Division on July 30, 2007. (ECF No. 14, at 172).  The Appellate Division affirmed Petitioner's conviction and sentence on March 18, 2009. (ECF No. 14-13).  Petitioner then filed a Petition for Certification with the New Jersey Supreme Court, which was subsequently denied on May 7, 2009. (ECF No. 14-15).

On January 14, 2010, Petitioner filed a petition for post-conviction relief with the Superior Court of New Jersey, Law Division. (Denial of Post-Conviction Relief, State v. Hoffman, Indictment No. 05-11-2403 (N.J. Super. Ct. Law Div.) ECF No. 1-3, at 65).  The Honorable Charles M. Middlesworth, Jr., J.S.C., heard oral argument on January 31, 2011. (ECF No. 1-3, at 61).  The court issued a 67-page written opinion and order on April 11, 2011, denying the petition for post-conviction relief. Id.  Petitioner filed a Notice of Appeal with the Superior Court of New Jersey, Appellate Division on December 14, 2011. (ECF No.

4

14-19, at 1069). On October 29, 2013, the Appellate Division affirmed the denial of Petitioner's motion for post-conviction relief. (ECF No. 14-22). On or about December 8, 2013, Petitioner attempted to take his case to the Supreme Court of New Jersey. (ECF No. 14-23). The court denied certification on June 23, 2014. (ECF No. 14-24).

C.   Procedural History of § 2254 Petition

Petitioner signed his all-inclusive Petition for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 on December 17, 2014. (ECF No. 1, at 15). As presented, the Petition raises the following grounds for relief:

Ground One:   INEFFECTIVE ASSISTANCE OF COUNSEL.

Ground Two:   THE COURT'S REASONS FOR DENIAL OF P.C.R. AND EVIDENTIARY HEARING WERE BASED ON A MISAPPLICATION OF FACTS AND LAW.

(ECF No. 1-2, at 38-39).

On December 10, 2015, the State filed a Response arguing that Petitioner is not entitled to habeas relief on the merits. (ECF No. 14).

II.  STANDARD OF REVIEW FOR RELIEF UNDER § 2254

Statutory authority for federal habeas review of a state court conviction is codified in section 2254 of Title 28 of the United States Code, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996. 28 U.S.C. § 2254. Accordingly, federal courts may only preside over claims

5

alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  To that end,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (1) the petitioner has exhausted available State court remedies; or (2) there is an absence of available State corrective process, or circumstances exist which render such process ineffective in preserving the rights of the petitioner.

28 U.S.C. § 2254(b).  This serves as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).

There is a high deference to State court adjudication. See 28 U.S.C. § 2254(d).  Once a petitioner has exhausted State court relief proceedings, and a State court has entered a disposition on the merits[3] of petitioner's federal claim, a federal court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established

---

[3] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that 1) finally resolves the claim, and 2) resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground." Shotts v. Wetzel, 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Parker v. Matthews, 132 S. Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).

Upon habeas review, federal courts must begin an analysis by identifying the relevant law clearly established by the Supreme Court.[4] Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Review under 2254(d) is limited to the record that was before the State court at the time petitioner's claim was adjudicated on the merits. Cullen v. Pinholster, 563 U.S. 170, 1398 (2011). Under AEDPA, factual determinations made by a State court carry a presumption of correctness, and the burden of rebuttal is preserved in the petitioner, who must make a showing by way of "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Miller-El v. Dretke, 545 U.S. 231, 240 (2005).

The AEDPA's standard is intentionally "difficult to meet." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quoting Metrish v. Lancaster, 133 S. Ct. 1781, 1786 (2013)); see also Harrington, 562 U.S. at 102 ("If [AEDPA's] standard is difficult

---

[4] Clearly established law for purposes of federal habeas review includes only the holdings, rather than the dicta, of the Supreme Court's decisions, as of the time of the state court adjudication in question. See Woods v. Donald, 135 S. Ct. 1372, 1376 (2015).

7

to meet, that is because it was meant to be . . . ."). The purpose and mandate of the AEDPA within federal habeas jurisprudence is to inhibit improper intervention in State criminal processes. Harrington, 562 U.S. at 104. The requirements of the AEDPA correspondingly reflect a "presumption that state courts know and follow the law." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)).

### III.  DISCUSSION

Petitioner's § 2254 Petition raises two grounds for relief: (1) ineffective assistance of counsel during pre-trial hearings and at trial in contravention of the Sixth Amendment; and (2) that the court's reasons for denial of post-conviction relief and of an evidentiary hearing were based on a misapplication of facts and law.  The second ground for relief raised by Petitioner may not be considered by this Court for purposes of habeas review because a constitutional basis for the claim has not been alleged.  This Court does not have jurisdiction over state claims for purposes of habeas review. See 28 U.S.C. § 2254(a); Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."). Additionally, this Court does not have the power to transform a ground that fails to raise a violation of the Constitution into a ground which does assert a

8

violation of the Constitution.[5]  This conforms wholly with the well-settled understanding that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

The factual support Petitioner sets forth for Ground Two relates to his ineffective assistance claim in Ground One.  The Court will liberally consider those factual allegations in determining whether habeas relief is warranted based on the alleged ineffective assistance of counsel.

A.   Ground One: The Ineffective Assistance of Counsel Claim

Petitioner raises a claim of ineffective assistance of counsel as his first ground for habeas relief.  Petitioner distinguishes between pretrial deficiency and deficiency at trial.  As factual support for pretrial deficiency, Petitioner asserts defense counsel was constitutionally ineffective in the following ways: failing "to review records previously unexamined for twelve or thirteen years;" failing "to uncover obscure evidence contained in voluminous records;" failing "to provide information for purposes of investigation, strategy and

---

[5] See Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law rather than his federal due process rights, federal court may not consider ground not set forth in the petition).

defense;" failing to "review and consult with the defendant on all discovery documentation after the defendant had an opportunity to examine the material;" failing "to object to judicial action/inaction in response to the trial court's refusal to grant an admissibility hearing for 404(b) evidence;" failing "to submit pre-trial motions;" and failing "to recuse the trial judge and to move for a continuance to prepare documentary material." (ECF No. 1-2, at 38). As factual support for deficiency of counsel at trial, Petitioner contends defense counsel was constitutionally ineffective for the following reasons: failing to "preserve issues for appeal" as part of a defense strategy; failing "to introduce relevant documentary evidence;" and failing to impeach the victim for "her motivation to commit the crime charged" and "her continuing bias against the defendant." Id.

The Sixth Amendment of the United States Constitution provides: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). A showing of ineffective assistance of counsel requires two components to succeed. Strickland, 466 U.S.

10

at 687.  The two requisite proofs are as follows: (1) a defendant must show that counsel's performance was deficient; and (2) the defendant must show prejudice. Id.  The analysis is underpinned by an understanding that counsel's role is to ensure the production of a reliably just result within the adversarial process of trial. Id.

When a convicted defendant complains of deficient performance, the defendant's burden of proof is to show that the conduct of counsel fell below an objective standard of reasonableness. Id. at 688.  Hence, "[j]udicial scrutiny of counsel's performance must be highly deferential."[6] Id. at 689. To combat the natural tendency for a reviewing court to speculate whether a different strategy at trial may have been more effective, the Supreme Court has "adopted the rule of contemporary assessment of counsel's conduct." Maryland v. Kulbicki, 136 S. Ct. 2, 4 (2015) (quoting Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)).  Thus, when reviewing for an ineffective assistance of counsel claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide

---

[6] Deference must be given to counsel's performance because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

range of reasonable professional assistance." Woods, 135 S. Ct. at 1375 (quoting Strickland, 466 U.S. at 689.); Cf. United States v. Cronic, 466 U.S. 648, 659 (1984) (holding that courts may presume deficient performance and resulting prejudice if a defendant "is denied counsel at a critical stage of his trial.").[7]

Because Petitioner's ineffective assistance of counsel claim is raised through a § 2254 petition, federal "review must be 'doubly deferential' in order to afford 'both the state court and the defense attorney the benefit of the doubt.'" Woods, 135 S. Ct. at 1376 (quoting Burt v. Titlow, 134 S. Ct. 10, 13 (2013)). See also Cullen, 563 U.S. at 190 ("[R]eview of the [State] Supreme Court's decision is thus doubly deferential."); Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("[D]oubly deferential judicial review [sic] applies to a Strickland claim evaluated under the § 2254(d)(1) standard . . . ."); Yarborough, 541 U.S. at 6 ("Judicial review of a defense attorney . . . is therefore highly deferential--and doubly deferential when it is conducted through the lens of federal habeas."). Indeed,

---

[7] The Supreme Court has characterized a "critical stage" as one that "held significant consequences for the accused." Bell v. Cone, 535 U.S. 685, 696 (2002). Cf. Woods v. Donald, 135 S. Ct. 1372 (2015) (holding that when counsel stepped out of the courtroom for ten minutes during testimony that was irrelevant to his client yet relevant to certain co-defendants, the Cronic standard would be misapplied).

12

"[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.

As to proving prejudice under Strickland, "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." 466 U.S. at 693.  To succeed on this proof, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hinton v. Alabama, 134 S. Ct. 1081, 1088 (2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).  A reasonable probability is a probability which sufficiently undermines confidence in the outcome of the trial. Strickland, 466 U.S. at 694.

   1. Failure to Investigate and Prepare

Petitioner contends that his trial counsel was ineffective for failing to prepare and review voluminous records which date back to Petitioner's divorce from Mary Barry in the early 1990s. (ECF No. 1-2, at 38).  When Petitioner raised this argument on appeal from the order denying his petition for post-conviction relief, the appellate court relied on the findings of Judge Middlesworth at the trial level. (ECF No. 14-22).  The trial court found that Petitioner failed to establish a prima facie

13

case of ineffective assistance, and the appellate court found that the record fully supports that determination. Id.

Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 466 U.S. at 691.  Here, Judge Middlesworth found that Petitioner's counsel at trial strategically addressed a selection of these documents while apparently opting to avoid others as they were arguments that were either fruitless or potentially prejudicial to Petitioner. Under Strickland, "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." Id. Some of the unadmitted evidence which Petitioner complains of was explicitly ruled inadmissible by the trial court. Therefore, the record refutes Petitioner's claim, in part, as counsel tried, albeit unsuccessfully, to present certain evidence which Petitioner claims counsel failed to pursue.

Petitioner also claims that trial counsel's defense strategy was constitutionally ineffective because counsel failed to preserve issues for appeal.  Petitioner fails to support this

14

assertion with the specificity required for practical review pursuant to Strickland.[8]

Accordingly, the New Jersey courts found that Petitioner's counsel administered sound trial strategy, a position which is virtually unchallengeable under Strickland. In this case, Petitioner did not present facts to the New Jersey courts showing that counsel had any reason to further investigate documents relating to Petitioner's divorce from Mary Barry in the early 1990s. Furthermore, Petitioner failed to show prejudice even if deficiency were assumed. The findings of the New Jersey courts were the result of a reasonable application of the Strickland standard. Petitioner is not entitled to habeas relief on this claim of Ground One.

   2. Failure to Object to the Court's Refusal to Grant an
      Admissibility Hearing for 404(b) Evidence

Petitioner contends that his counsel provided ineffective assistance when he failed to object to the court's refusal to grant an evidentiary hearing on the admissibility of character evidence. The record refutes Petitioner's claim in this regard, because on March 6, 2007, a pretrial hearing was conducted by the trial court to determine the admissibility of certain

---

[8] In Strickland the court noted: "[a] convicted defendant making a claim of ineffective assistance must *identify* the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." 466 U.S. at 690 (emphasis added).

15

character evidence. (ECF No. 14-4). At the hearing Petitioner's counsel unsuccessfully argued that statements made by Petitioner to a jail psychologist during Petitioner's 1992 incarceration. Petitioner told the psychologist that he wanted to kill his then-wife Mary Barry and "it would be worth it." (Pre-Trial Transcript of Evidentiary Hearing, State v. Hoffman, Indictment No. 95-11-2403 (N.J. Super. Ct. Law Div. Mar. 6, 2007) ECF No. 14-4, at 221). Judge Garofolo ruled that this evidence was admissible as a matter of New Jersey state law.[9] Again, federal habeas corpus relief does not lie for errors of state law. Estelle, 502 U.S. at 67-68 ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

As with the claim discussed immediately above, the appellate court relied on Judge Middlesworth's findings in determining that Petitioner's counsel satisfied Strickland. In denying Petitioner's post-conviction relief, Judge Middlesworth found that the trial judge had properly admitted statements Petitioner made to the jailhouse psychologist under N.J.R.E. 404(b) and that the psychologist-patient privilege was properly

---

[9] In the same instance, Judge Garofolo refused to admit evidence that Petitioner assaulted Mary at a bail hearing in 1992 due to a lack of evidence that the assault occurred. It was Judge Garofolo's desire to curb undue prejudice to Petitioner.

pierced. (ECF No. 1-3, at 90).  Judge Middlesworth further found:

> As to the effect that Petitioner's arguments would have had on the trial court's decision that the psychologist-patient privilege should be pierced, such arguments and evidence would have had no effect. There still would have been a legitimate need for the evidence. The information still could not have been secured from any other source than [the psychologist]. The evidence still would have been relevant and material to the issue of Petitioner's intent. Therefore, counsel's failure to make such arguments does not constitute deficient and unreasonable performance.
>
> Even if [Petitioner's counsel] did provide deficient representation in failing to make Petitioner's stated arguments, Petitioner was not prejudiced by [counsel's] performance because the result of the proceeding would not have been different. Even without evidence of Petitioner's threats, which strongly suggested that Petitioner intended to kill [Mary] on the date in question, the jury still could have found that Petitioner possessed the requisite intent from the brutal nature of the assault itself and his threat to the victim on the day of the assault itself. Thus, Petitioner cannot establish that the result of the proceeding would have been different had [the psychologist's] testimony not been admitted at trial.

(ECF No. 1-3, at 103).  Petitioner is not entitled to habeas relief on this ground in Claim One because the trial court's rationale for rejecting this claim is consistent with Strickland.

### 3. Failure to Move to Recuse the Trial Judge

The 67-page written opinion of Judge Middlesworth denying Petitioner's post-conviction relief framed this issue as follows:

According to Petitioner, on March 12, 2007, he produced

> approximately four hundred pages of redacted evidentiary material.  When Petitioner asked his attorney for time to consult with him regarding the material, counsel stated that 'Judge Garofolo won't rule on admissibility because he thinks you gave him the finger.'  Petitioner states that he directed this gesture to an Atlantic City Press photographer.

(ECF No. 1-3, at 89).  Consequently, Petitioner argued that counsel was deficient in failing to move to recuse the trial judge for bias.

<u>Strickland</u> demands that an assessment of prejudice proceed on the presumption that the decision-maker impartially applied the governing standards of law.  <u>Strickland</u>, 466 U.S. at 695.  On appeal from the denial of post-conviction relief, the Appellate Division found this argument without merit and relied on Judge Middlesworth's findings yet again.  Judge Middlesworth found that the record did not support Petitioner's "bald assertion" that his trial counsel made such a statement or that the statement was in fact true. (ECF No. 1-3, at 90).  Because this is a finding of fact, this Court is required to apply a presumption of correctness to be rebutted only by way of clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  Petitioner fails to provide clear and convincing evidence that this incident occurred, and also fails to substantiate alleged judicial bias.  Nor has Petitioner shown that this determination is unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2).  The factual findings of the New Jersey courts

18

stand, and the courts reasonably applied Strickland's deferential standard.  Therefore, Petitioner is not entitled to habeas relief on this claim in Ground One.

## IV.   CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This Court will deny a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition is correct.

## V.   CONCLUSION

This Court will dismiss the Petition with prejudice and deny a certificate of appealability.  An Order consistent with this Opinion will be filed.

                                                s/Noel L. Hillman
                                                NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Dated:  July 28, 2016